UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH A. LOSANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 22-12112-JGD |
| WILLIAM EVANS, CITY OF BOSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER**
**ON MOTION TO STRIKE AND DISMISS COMPLAINT**

December 27, 2023

DEIN, U.S.M.J.

**I. INTRODUCTION**

Plaintiff Joseph A. Losano ("Losano") has filed a *pro se* complaint spanning 150 pages with exhibits, and 373 paragraphs. He has named eight (8) defendants, including William Evans ("Evans") and the City of Boston (the "City") (Evans and the City are, collectively, the "Defendants").[1] This matter is presently before the court on the Defendants' "Motion to Strike and Dismiss Plaintiff's Complaint" ("Mot. Dismiss") (Docket No. 7), through which the Defendants ask this Court to strike and to dismiss Losano's Complaint ("Compl.") (Docket No. 1) pursuant to Fed. R. Civ. P. 12(f) and 41(b), for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a) and 8(d). A court may exercise its power to dismiss a complaint that fails to conform with Rule 8's pleading requirements where that pleading is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."

---

[1] The plaintiff has also named George Juliano, Jesse Goff, Mary Rooney, Brendan Kelly, Ryan Wynne, and Robert MacLean as defendants to this action, but they have not yet appeared.

Atkinson v. Town of Rockport, Civil Action No. 11-11073-NMG, 2012 WL 4888423, at *1 (D. Mass. July 30, 2012) (additional citations omitted), report and recommendation adopted, No. 1:11-cv-11073-NMG (D. Mass. Oct. 11, 2012).  Because Losano's Complaint is such a pleading, Defendants' "Motion to Strike and Dismiss Plaintiff's Complaint" is ALLOWED without prejudice. (See note 6, infra).

## II. STATEMENT OF FACTS

On December 12, 2022, Plaintiff Joseph A. Losano filed the complaint at issue and initiated this action.  (See Docket No. 1).  On March 10, 2023, this court granted Losano's Motion for Leave to proceed *in forma pauperis* and summons were issued thereafter.  (See Docket No. 4).  On May 26, 2023, the Defendants filed their motion to dismiss, and on June 9, 2023, Losano filed an opposition to that motion.  (See Docket Nos. 7-8, 11).  On November 15, 2023, Losano and the Defendants filed their consent to proceed before the undersigned Magistrate Judge.  (See Docket No. 22).

### Overview of the Complaint

While this court will not attempt to detail all of the complaint's allegations, it will provide a basic overview of its structure.  Losano's Complaint spans 150 pages (inclusive of exhibits) and contains 373 total paragraphs; the allegations within it are numerous and fragmented, but liberally construed, they appear to relate to an elaborate, alleged conspiracy with the Defendants and members of the Boston Police Department at its center.

Preceding these allegations, and beginning on page three, are thirty-nine (39) paragraphs detailing Losano's ". . . PERSONAL HISTORY," "EDUCATION," "MILITARY WORK

[2]

HISTORY," and "CIVILIAN WORK HISTORY," in resume-like fashion. (See Compl. ¶¶ 22-60). The complaint also includes the detailed descriptions of ten (10) non-party individuals labeled as "NON-DEFENDANTS" and a separate section titled "LEGAL BACKGROUND." (Id. ¶¶ 12-21, 61-63). Following these sections, the complaint's "STATEMENT OF FACTS" covers seventeen (17) pages and 268 separate paragraphs, and it outlines a scattered chronology of various events and alleged occurrences between 2016 up until 2022. (Id. ¶¶ 64-331). According to his allegations, Losano claims to have been targeted by the Defendants and others, and charged as a suspect and briefly incarcerated for violations he allegedly did not commit. He was ultimately released following an entry of *nolle prosequi*. As a result of these events, he alleges to have suffered numerous civil rights violations, which the complaint sets forth as separate counts beginning at paragraph 332.

The complaint's four counts include: [2]

### COUNT I

### VIOLATION OF 42 U.S.C. ss 1983, 4th AMENDMENT RIGHT OF SEARCH and SEIZURE, BY THE DEFENDANTS GOFF, ROONEY, and KELLY

### COUNT II

### VIOLATION OF 42 U.S.C. ss 1983, 4th AMENDMENT RIGHT of PROTECTING PEOPLE FROM UNREASONABLE SEARCH and SEIZURE BY THE GOVERNMENT BY THE DEFENDANTS EVANS, JULIANO, and the CITY of BOSTON

---

[2] The Defendants have not specifically been named in Counts I, III, or IV.

[3]

### COUNT III

### VIOLATION OF 42 U.S.C. ss 1983
### 5th and 14th AMENDMENT RIGHTS of DUE PROCESS of the UNITED STATES CONSTITUTION, ARTICLE XII of the MASSACHUSETTS DECLARATION of RIGHTS, and MASSACHUSETTS CIVIL RIGHTS STATUTE Ch. 12 ss 11-I
### BY THE DEFENDANTS GOFF, ROONEY, KELLY, WYNNE and MACLEAN

### [COUNT IV]

### MASSACHUSETTS STATE TORT: ABUSE OF PROCESS
### BY DEFENDANTS GOFF and ROONEY

(Id. ¶¶ 332-73).  By his complaint, Losano seeks compensatory and punitive damages against "all Defendants," costs, and any "other and further relief . . . this Court may deem just, necessary, and appropriate."  (Compl. at 24).[3]

Additional facts are provided below where appropriate.

### III.  ANALYSIS

**A.  Standard of Review**

The Defendants have moved to strike and to dismiss Losano's Complaint pursuant to Fed. R. Civ. P. 12(f) and 41(b), for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a) and 8(d).[4]  (See Mot. Dismiss at 1).  Fed. R. Civ. P. 8(a) provides, in relevant part, that

---

[3] Citations to page numbers refer to the court's CM/ECF page numbering system located at the top right of each page of the document.

[4] Fed. R. Civ. P. 12(f) enables a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Its use to dismiss a complaint in its entirety is recognized as an "extraordinary remedy."  Dennison v. LaPointe, Civil Action No. 06-40100-FDS, 2006 WL 3827516, at *1-2 (D. Mass. Dec. 21, 2006); Bryan Corp. v. ChemWerth, Inc., 911 F. Supp. 2d 103, 105 n.1 (D. Mass. 2012) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.") (additional quotations and citation omitted). But see Hayes v. McGee, Civil Action No. 10-40095-FDS, 2011 WL 39341, at *1 (D. Mass. Jan. 6, 2011) (denying a motion to strike the

"[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Coy Phelps v. Local 0222</u>, Civil Action No. 09-11218-JLT, 2010 WL 3342031, at *4-5 (D. Mass. Aug. 20, 2010) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002)) (additional quotations and citation omitted), <u>report and recommendation adopted</u>, Civil Action No. 09-11218-JLT, 2010 WL 3342023, at *1 (D. Mass. Aug. 25, 2010).

In addition, Fed. R. Civ. P. 8(d)(1) requires that the allegations within such a pleading "be simple, concise, and direct."  The purpose behind requiring a "clear and succinct pleading" is so that a defendant is given "fair notice of the claim and its basis" and a meaningful opportunity to construct "a cogent answer and defense."  <u>Belanger v. BNY Mellon Asset Mgmt., LLC</u>, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (dismissing a "rambling" 462-page complaint, without prejudice, pursuant to Rule 41(b) where the complaint failed to satisfy Rule 8(a) or (d)); see <u>Rivera v. Rhode Island</u>, 402 F.3d 27 (1st Cir. 2005).  Without such restrictions, a complaint's "unnecessary length places an unjustified burden on the court and on the party who must respond to it."  <u>Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc.</u>, Civil Action No. 12-11121-DJC, 2014 WL 4656503, at *5 (D. Mass. Aug. 5, 2014) (internal quotation marks and citation omitted).

---

complaint but acknowledging such a possibility as "within the sound discretion of the court") (additional quotations and citation omitted).  For that reason, and because Rule 41(b)—which allows a defendant to move to dismiss for plaintiff's failure to comply with the Federal Rules—presents a more appropriate remedy for dismissal, this court's analysis will be limited to Rule 41(b).

"The court must construe a pro se complaint liberally." Thornton v. Macy's Retail Holdings, Inc., Civil No. 20-40045-DHH, 2021 WL 1430692, at *4 (D. Mass. Mar. 5, 2021), report and recommendation adopted, 4:20-cv-40045 [TSH], 2021 WL 2043859, at *1 (D. Mass. Mar. 23, 2021) (citing Sause v. Bauer, 138 S. Ct. 2561, 2563, 201 L. Ed. 2d 982 (2018)). Yet, while the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, although "the requirements of Rule 8(a)(2) are minimal[,]" such "minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation and citation omitted).

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Thus, it is within the court's discretion to "dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)[.]" Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) (43-page, 358-paragraph complaint consisting of 36 counts and 28 defendants dismissed for failure to comply with Rule 8); see also Diaz v. Drew, 305 F. Supp. 3d 234, 238 (D. Mass. 2018) (dismissing a *pro se* complaint under Rule 41(b), without prejudice, and providing plaintiff the opportunity to amend the pleading).

[6]

### B. Losano's Complaint Fails to Comply with Rule 8

In the instant case, Losano's Complaint is, without question, "excessively long and unnecessarily redundant."  Kuehl, 8 F.3d at 908.  The complaint is far from a "short and plain statement" as Fed. R. Civ. P. 8(a)(2) requires, and it is rife with irrelevant facts and accusations which make any adequate response impractical, if not impossible.  See Hayes, 2011 WL 39341, at *3 ("[t]he allegations must . . . be pleaded in a manner such that defendants can reasonably respond.").  In fact, Losano devotes a substantial number of the complaint's paragraphs to issues that are either redundant or seemingly unrelated to the apparent dispute.[5]  The complaint inappropriately "aggregate[es] masses of evidence" and "advance[es] premature legal arguments."  Belanger, 307 F.R.D. at 58.  See Koplow v. Watson, 751 F. Supp. 2d 317, 321 (D. Mass. 2010) (finding a *pro se* complaint incompatible with Rule 8, where that complaint consisted of "irrelevant cutouts from historical texts, lengthy harangues . . . and repetitive descriptions of conversations with Defendants").

Losano, in his opposition ("Opp.") to Defendants' Motion to Dismiss, contends that the complaint, "while . . . voluminous," is "indeed an accurate summary" of his claims but makes no effort to clarify his assertions.  (See Opp. at 2).  Even assuming, *arguendo*, that Losano's

---

[5] For example, but without limitation, see Compl. ¶¶ 61-63, 69, 75, 78, 93, 96-97, 109, 135, 191, 197-98, 206, 214, 247, 259, 261, 263-65, 272, 276, 291, 294-95, 301-02, 305, 325, 328, 330.  In addition to the complaint itself, it's accompanying exhibits appear to be irrelevant, immaterial, or inappropriate to the dispute, including, but not limited to, a lengthy collection of Losano's degrees and military certificates (Docket No. 1-3 at 1-20); a referral letter and letter of recommendation for employment (Id. at 21-22); various law enforcement interview transcripts, incident reports, and associated materials (Id. at 25-32; Docket No. 1-4 at 3-27, 35-42); transcript excerpts from court proceedings (Docket No. 1-4 at 28-30); select news articles (Docket No. 1-3 at 23-24; Docket No. 1-4 at 64, 76, 83); and investigative reports and victim interview excerpts relating to an assault (Docket No. 1-4 at 1-2, 31, 46, 48-49, 56-61).

Complaint contains the sort of "minimal facts" necessary to describe "who did what to whom, when, where and why[,]" the complaint's organization and its length force the reader to sift through hundreds of paragraphs of disjointed facts and parse its allegations in order to find factual support for any of the complaint's specific legal claims. Educadores Puertorriqueños En Acción, 367 F.3d at 68. And while Losano's Complaint includes just four counts, each count incorporates by reference the hundreds of allegations spread across the paragraphs preceding it making any response by the Defendants unfeasible. (See Compl. ¶¶ 332-73). The complaint is thus "too long, detailed and verbose" for either the Defendants or this court "to sort out the nature" of Losano's claims or determine whether they "are actually supported by any comprehensible factual basis." Belanger, 307 F.R.D. at 58.

As such, while Losano's Complaint "does not lack volume, it does lack clarity[,]" making it "impossible to 'inuit'" all of the pleading's specific claims. Tinkham v. Kelly, No. 05-CV-10470-MLW, 2006 WL 8458369, at *3 (D. Mass. Feb. 6, 2006), report and recommendation adopted, No. 1:05-cv-10470-MLW (D. Mass. Mar. 20, 2006) (recognizing that "it would be impossible for [defendants] to respond properly to plaintiffs' long, rambling complaint"). Even in applying the rule leniently, Losano's Complaint does not meet Fed. R. Civ. P. 8(a)'s pleading standards.

Because Losano's Complaint "falls into the category of complaints which ramble, which needlessly speculate, accuse and condemn," it fails to adhere to the requirements of Fed. R. Civ. P. 8(a) and 8(d), and, accordingly, Rule 41(b) warrants its dismissal. Atkinson, 2012 WL 4888423, at *5 (quoting Coy Phelps, 2010 WL 3342031, at *5) (additional citations and quotations omitted).

## IV.  CONCLUSION

For all the reasons detailed herein, the Defendants' "Motion to Strike and Dismiss Plaintiff's Complaint" (Docket No. 7) is ALLOWED and Losano's complaint is DISMISSED without prejudice.[6]

          / s / Judith Gail Dein
          Judith Gail Dein
          United States Magistrate Judge

---

[6] If he so chooses, Losano may file an amended complaint within thirty (30) days from the date of this Order, but any amended complaint must be brought within the contours of the Federal Rules, and in particular, Fed. R. Civ. P. 8.  Failure to comply with this directive will result in dismissal with prejudice.